```
                    UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF CALIFORNIA

SIRRIUM,
                                        NO. CIV. S-12-0543 LKK/KJN
          Plaintiff,

     v.
                                              O R D E R
BANK OF AMERICA, N.A.,
et al.,

          Defendants.
                                    /
```

The court is in receipt of the complaint filed by Sirrium (an individual), pro per. It appears that the complaint requests a temporary restraining order (TRO), and possibly a preliminary injunction, against all defendants.

A request for a TRO is governed by E.D. Cal. R. (Local Rule) 231. The Local Rules assure that all parties sought to be restrained have received notice and an opportunity to be heard in opposition to the motion, if possible. See Local Rule 231(a) (requirement of notice). The rules also ensure that the parties to be restrained know the legal and factual basis for the restraining order, and exactly what the restraining order will do,

1

1 if it issues.  <u>See</u> Local Rule 231(c) (requirement of briefing,
2 supporting affidavits and a proposed order).
3     Plaintiff has done nothing to comply with the local rules
4 governing an application for a TRO, other than file a complaint.
5 <u>See</u> Local Rule 231(c)(1) (requirement to file a complaint).
6 Plaintiff has made no showing that any defendant has been given
7 notice of the lawsuit or the request for a TRO.  Plaintiff has
8 filed no motion papers, no affidavit setting forth the facts, no
9 briefing explaining the legal basis for the request, and no
10 proposed order.  The court is aware that plaintiff is proceeding
11 without counsel, but she cannot proceed without giving fair notice
12 to defendants (or at least showing that she has made a good-faith
13 attempt to do so), as required by the Local Rules.
14     If plaintiff wishes to seek a TRO, she may do so in compliance
15 with the court's rules and the legal standards governing the
16 issuance of such an order.[1]  If plaintiff wishes to seek a
17 preliminary injunction, she must comply with the court's Local
18 Rules governing such orders.  In general, "[a] plaintiff seeking
19 a preliminary injunction must establish that he is likely to
20 succeed on the merits, that he is likely to suffer irreparable harm
21 in the absence of preliminary relief, that the balance of equities
22 tips in his favor, and that an injunction is in the public

---

[1] In general, a TRO will not issue without notice to defendants absent a very clear showing that plaintiff will suffer irreparable injury before notice can be given and a hearing scheduled.  <u>See, e.g.</u>, <u>Reno Air Racing Ass'n., Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006).  As noted, no such showing has been made here.

2

interest." <u>Winter v. NRDC</u>, 555 U.S. 7, 20 (2008).

Accordingly, IT IS ORDERED THAT:

1. Plaintiff's request for a TRO is **DENIED** without prejudice.[2]

2. This matter is referred to the magistrate for consideration of plaintiff's request to proceed <u>in forma pauperis</u>, and for further proceedings. <u>See</u> Local Rule 302(c)(21).

IT IS SO ORDERED.

DATED: April 11, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] If the complaint is construed as a request for a preliminary injunction, such relief is also denied for failure to comply with Local Rule 231.

3