1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SIRRIUM,[1]

11            Plaintiff,                    No. 2:12-cv-00543 LKK KJN PS

12        v.

13   BANK OF AMERICA, N.A., a North
     Carolina Corporation, et al.,
14
              Defendants.                   ORDER
15   _____/

16            Plaintiff is proceeding without counsel.[2]  Presently before the court is plaintiff's

17   application to proceed in forma pauperis (Dkt. No. 2).[3]  For the reasons stated below, the

18   undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses plaintiff's

19   complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted leave to

20   file an amended complaint that complies with the standards and requirements set forth below.

21   ////

22   _____

23        [1]  Plaintiff is an individual.  (See Compl. ¶ 6.)  None of the documents filed by plaintiff in
     this case reflect plaintiff's surname.

24        [2]  This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).
25
          [3]  The court previously denied plaintiff's application for a temporary restraining order without
26   prejudice.  (Order, Apr. 11, 2012, Dkt. No. 3.)

I.      Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff's application and declaration make the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.     Screening of Plaintiff's Complaint

        A.      General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards.  See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

        **(a) Claim for Relief.**  A pleading that states a claim for relief must

2

1  contain:

2      **(1)** a short and plain statement of the grounds for the court's
       jurisdiction, unless the court already has jurisdiction and the claim needs
3      no new jurisdictional support;

4      **(2)** a short and plain statement of the claim showing that the pleader is
       entitled to relief; and
5
       **(3)** a demand for the relief sought, which may include relief in the
6      alternative or different types of relief.

7

8   Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain

9   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

10  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,

11  570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

12  the court to draw the reasonable inference that the defendant is liable for the misconduct

13  alleged."  Id.  The court accepts all of the facts alleged in the complaint as true and construes

14  them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th

15  Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are

16  contradicted by documents referred to in the complaint, and [the court does] not necessarily

17  assume the truth of legal conclusions merely because they are cast in the form of factual

18  allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must

19  construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a

20  plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it

21  appears at all possible that the plaintiff can correct the defect.  See, e.g., Lopez, 203 F.3d at 1130-

22  31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue

23  to construe pro se filings liberally even when evaluating them under the standard announced in

24  Iqbal).

25      B.    Plaintiff's Complaint

26          Plaintiff's complaint concerns the foreclosure of her home and lists 16 claims for

3

1  relief in the caption, ranging from wrongful foreclosure to violations of the Racketeer Influenced

2  and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.  (See Compl. at 1.)

3  However, plaintiff's 16 claims asserted in the body of the complaint do not correspond with the

4  claims enumerated in the caption.  This order addresses plaintiff's claims as numbered in the

5  body of the complaint.

6          In large part, the undersigned cannot conclude on the present record that

7  plaintiff's action is frivolous, that her entire complaint fails to state claims on which relief can be

8  granted, or that she seeks monetary relief from an immune defendant.  However, as to seven of

9  plaintiff's sixteen claims, the undersigned readily concludes that plaintiff fails to state a claim on

10 which relief can be granted.  The defects in those claims are addressed below, and the

11 undersigned dismisses plaintiff's complaint with leave to file an amended complaint.

12         First, the undersigned dismisses plaintiff's claims for cancellation of the

13 "Trustee's Deed," civil conspiracy, and imposition of a constructive trust, claims 7, 9, and 15,

14 respectively.  (Compl. ¶¶ 73-75, 82-87, 125-28.)  As an initial matter, plaintiff admits that her

15 claim for cancellation is premature because no Trustee's Deed had been recorded as of the date

16 plaintiff filed the complaint.  (Id. ¶ 75.)  In any event, plaintiff's claims for cancellation, civil

17 conspiracy, and imposition of a constructive trust are subject to dismissal because none of these

18 "claims" is actually an independent claim for relief.  Rather, civil conspiracy is a *theory* that may

19 underlie some of plaintiff's other claims, not an independent claim.  See Davenport v. Litton

20 Loan Servicing, L.P., 725 F. Supp. 2d 862, 881 (N.D. Cal. 2010) ("A conspiracy is not an

21 independent cause of action, but is instead 'a legal doctrine that imposes liability on persons who,

22 although not actually committing a tort themselves, share with the immediate tortfeasors a

23 common plan or design in its perpetration.'") (quoting Applied Equip. Corp. v. Litton Saudi

24 Arabia Ltd., 7 Cal. 4th 503, 510-11, 869 P.2d 454 (1994)); Montoya v. Countrywide Bank, FSB,

25 2009 WL 1813973, at *12 (N.D. Cal. June 25, 2009) (unpublished) ("Civil conspiracy, aiding

26 and abetting, unlawful joint venture and injunctive relief are not independent claims.").

4

1   Additionally, cancellation of a trustee's deed is an equitable remedy that may be granted in

2   furtherance of another successful claim.  See, e.g., Gwin v. Pac. Coast Fin. Servs., No. 09cv2734

3   BTM (BLM), 2010 WL 1691567, at *4 (S.D. Cal. Apr. 23, 2010) (unpublished) ("Cancellation is

4   an equitable remedy."); Qureshi v. Countrywide Home Loans, Inc., No. C 09-4198 SBA, 2010

5   WL 841669, at *7 (N.D. Cal. Mar. 10, 2010) (unpublished) ("A request to cancel a trustee's deed

6   is a request for a remedy as opposed to an independent cause of action.") (citing Porter v.

7   Superior Court, 73 Cal. App. 3d 793, 799, 141 Cal. Rptr. 59 (Ct. App. 1977)); Yazdanpanah v.

8   Sacramento Valley Mortgage Group, No. C 09-02024 SBA, 2009 WL 4573381, at *6 (N.D. Cal.

9   Dec. 1, 2009) (unpublished) ("A request to cancel the trustee's deed is 'dependent upon a

10  substantive basis for liability, [and it has] no separate viability.'") (modification in original)

11  (quoting Glue-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1023 n.3, 98 Cal. Rptr. 2d

12  661, 663 n.3 (Ct. App. 2000)).  Similarly, a constructive trust is a remedy, not an independent

13  claim for relief.  See PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro,

14  LLP, 150 Cal. App. 4th  384, 398, 58 Cal. Rptr. 3d 516, 527 (Ct. App. 2007) (stating that under

15  California law, "[a] constructive trust . . . is an equitable remedy, not a substantive claim for

16  relief"); accord Monday v. Saxon Mortgage Servs., Inc., No. CIV. 2:10-989 WBS KJM, 2010

17  WL 2574080, at *6 (E.D. Cal. June 25, 2010) (unpublished) (same); Batt v. City & County of

18  San Francisco, 155 Cal. App. 4th 65, 82, 65 Cal. Rptr. 3d 716, 728 (Ct. App. 2007) (same); see

19  also F.T.C. v. Network Servs. Depot, Inc., 617 F.3d 1127, 1141 (9th Cir. 2010) ("Constructive

20  trust is a form of remedy that is flexibly fashioned in equity to provide relief where a balancing

21  of interests in the context of a particular case seems to call for it" (citation and quotation marks

22  omitted).).  Accordingly, plaintiff's seventh, ninth, and fifteenth claims for relief are dismissed,

23  and plaintiff shall not include separate claims for cancellation, civil conspiracy, or imposition of

24  a constructive trust in any amended complaint.  However, plaintiff may demand *relief* in the form

25  of cancellation or a constructive trust, and may allege facts that support a *theory* of conspiracy.

26  ////

1    Next, the undersigned dismisses plaintiff's RICO conspiracy claims, claims 11

2    through 14, which allege a conspiracy to engage in racketeering activity by means of deception

3    and fraud.  (See Compl. ¶¶ 93-124.)  In order to state a civil claim for a RICO violation, a

4    plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

5    activity."  See Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir.

6    2010) (citation and quotation marks omitted); see also Sanford v. MemberWorks, Inc., 625 F.3d

7    550, 557 (9th Cir. 2010).  Furthermore, RICO claims premised on allegations of fraud must be

8    pled with particularity consistent with Federal Rule of Civil Procedure 9(b).  See Sandford, 625

9    F.3d at 557-58; Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).  In

10   turn, Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the

11   circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of

12   a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  These circumstances include

13   the "time, place, and specific content of the false representations as well as the identities of the

14   parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per

15   curiam) (citation and quotation marks omitted); see also Kearns v. Ford Motor Co., 567 F.3d

16   1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when,

17   where, and how' of the misconduct charged" (citation and quotation marks omitted).).

18   "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to

19   give defendants notice of the particular misconduct . . . so that they can defend against the charge

20   and not just deny that they have done anything wrong."  Kearns, 567 F.3d at 1124 (citation and

21   quotation marks omitted, modification in original).

22   Here, plaintiff's RICO claims are premised on allegations of fraud, and plaintiff

23   failed to plead her RICO claims with particularity.  Accordingly, plaintiff's RICO claims, claims

24   11 through 14, are dismissed with leave to amend.

25   Plaintiff is granted 30 days to file an amended complaint that complies with

26   Rules 8 and the pleading standards stated above, and Rule 9(b) where allegations of fraud are

6

concerned.  Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint."  N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

III.    Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2.    Plaintiff's complaint is dismissed with leave to amend.

3.    Plaintiff is granted 30 days from the entry of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED:  June 25, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7