IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRRIUM, | No. 2:12-CV-0543-LKK-CMK |
|     Plaintiff, | |
|   vs. | ORDER |
| BANK OF AMERICA NA, et al., | |
|     Defendants. | |
| _____/ | |

      Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the court is plaintiff's amended complaint (Doc. 5).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In considering whether a complaint states claims upon which relief can be granted, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

In this case, plaintiff alleges violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, California's Rosenthal Act, and other statutory and common law violations. All of plaintiff's claims for relief, however, are conclusory statements. For example, under the heading "First Cause of Action," plaintiff alleges violation of the Truth in Lending Act. Plaintiff alleges:

> In the court of the transaction described herein, Defendant violated TILA in numerous ways, including, but not limited to: failing to provide required disclosures prior to consummation of the transaction; failing to provide required disclosures clearly and conspicuously in writing; placing terms prohibited by statute into the transaction; and failing to disclose all financial charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

This statement is nothing more than a formulaic recitation of the general prohibitions contained in the Truth in Lending Act without reference to any facts specific to plaintiff's case. Plaintiff does not state which disclosures she did not receive; she does not state which prohibited terms were included; and she does not which financial details were not disclosed. By way of further example, plaintiff also alleges that defendants extended credit to her with regard for her ability to pay and that defendants falsified income and asset documents. Plaintiff, however, does not provide any supporting factual allegations, such as her actual ability to pay at the time, what information was recorded by the bank, or any other specific information. Plaintiff's other claims for relief are similarly deficient.

/ / /

1  Because the possibility remains that plaintiff can point to actual facts to support
2  her legal claims, the court will provide plaintiff an opportunity to amend the complaint.  Plaintiff
3  is cautioned that failure to file an amended complaint within the time provided may result in
4  dismissal of the action.  See Local Rule 110.
5  Accordingly, IT IS HEREBY ORDERED that:
6  1. Plaintiff's amended complaint is dismissed with leave to amend;
7  2. Plaintiff shall file a second amended complaint within 30 days of the date
8  of this order.

10  DATED:  October 16, 2012

12  **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE