**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIRRIUM, | No. 2:12-CV-0543-LKK-CMK |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| BANK OF AMERICA NA, et al., | |
|     Defendants. | |
|                                     / | |

      Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is defendants' motion to dismiss (Doc. 13).[1]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Defendants filed their motion before the court could conduct statutory screening of the second amended complaint.

1

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on the second amended complaint filed November 14, 2012.[2] Plaintiff alleges violations of the Real Estate Settlement Procedures Act ("RESPA") and California's Rosenthal Act, as well as wrongful foreclosure. Plaintiff also pleads a claim for "preliminary injunction."[3] As to her RESPA claim, plaintiff alleges: "Defendants violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with disclosure requirements"; "Defendants violated RESPA . . . by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request not later than 60 days after receipt of the request"; and ". . . Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA. . . ." As to the Rosenthal Act, plaintiff alleges: "Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law; including but not limited to: foreclosing upon a void security interest; foreclosing upon a note of which they were not in possession nor otherwise entitled to payment; falsely stating the amount of a debt and using unfair and unconscionable means in an attempt to collect a debt because they

---

[2] Plaintiff's first amended complaint was dismissed with leave to amend with the following observation:

> Plaintiff's allegations amount to nothing more than a formulaic recitation of the general prohibitions contained in the Truth in Lending Act without reference to any facts specific to plaintiff's case. Plaintiff does not state which disclosures she did not receive; she does not state which prohibited terms were included; and she does not which financial details were not disclosed. By way of further example, plaintiff also alleges that defendants extended credit to her without regard for her ability to pay and that defendants falsified income and asset documents. Plaintiff, however, does not provide any supporting factual allegations, such as her actual ability to pay at the time, what information was recorded by the bank, or any other specific information. Plaintiff's other claims for relief are similarly deficient.

[3] Plaintiff has abandoned claims under the Truth in Lending Act ("TILA"), RICO, and California Business and Professions Code § 17200, as well as a claim of "Elder Abuse Fraudulent Concealment."

1  claim a debt where none existed." Plaintiff adds: "Countrywide and Defendant Bank of America
2  collected on debts that were not owed to them." Plaintiff's wrongful foreclosure claim is based
3  on her allegation that defendants did not own and/or possess the notes which they foreclosed.
4  For injunctive relief, plaintiff seeks an order enjoining defendants "from taking any action to
5  transfer any interest putatively held by the Defendants in the Plaintiff's residence. . . ." No
6  documents are attached to the complaint.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has

3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

In their motion to dismiss, defendants argue:

> All of Plaintiff's claims fail to state a cause of action for which relief can be granted. For instance, Plaintiff's claim for a violation under California's Rosenthal Act fails because foreclosure related activity is not covered by this act. Plaintiff fails to allege facts sufficient for a claim of violation under RESPA, including that Plaintiff has not alleged actual damages caused by the purported violation. Plaintiff's claims for Wrongful Foreclosure and Preliminary Injunction fail because Plaintiff

>does not allege tender of her debt. Plaintiff's claims do not meet the minimum pleading requirements of either California or Federal law, including Rule 8 of the Federal Rules of Civil Procedure, which requires plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face" and "above speculative level." (citation omitted).

Turning to defendants' arguments concerning plaintiff's RESPA claim first, the court agrees with defendants that "Plaintiff's allegations . . . fail to rise above mere conclusory allegations." As with plaintiff's first amended complaint, the allegations in the second amended complaint constitute a recitation of the general prohibitions contained in RESPA without reference to the specific facts of plaintiff's case. For example, as to plaintiff's claim that defendants failed to respond to a qualified written request (QWR"), as required by RESPA, defendants accurately note:

> . . . Nowhere in Plaintiff's SAC (second amended complaint) does she set forth allegations as to what was included within the alleged QWR, only that it was an alleged QWR. (citation to second amended complaint omitted). Further, Plaintiff does not indicate that the purported QWR was related to the topic of loan servicing as required, only that Defendants have allegedly "engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA." (citation to second amended complaint omitted).

Plaintiff's failure to link the elements of claimed violations of RESPA to the particular facts of her case was discussed in the court's prior order. Plaintiff appears either unable or unwilling to cure this defect despite having been granted leave to amend to do so.

Additionally, defendants are correct that plaintiff cannot state a claim under RESPA because she has not alleged any actual damages as a result of alleged violations of the statute. See Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010); see also Singh v. Wash. Mut. Bank, 2009 WL 2588885, at *5 (N.D. Cal. 2009).

Finally, defendants are also correct that a private right of action under RESPA does not exist as to claims, such as plaintiff's claims here, relating to disclosures at a loan's closing. See Lopez v. Wachovia Mortg., 2009 WL 4505919, at *3 (E.D. Cal. 2009).

///

In her late-filed opposition to defendants' motion, plaintiff addresses defendants' argument relating to the QWR, but she fails to address the issues of actual damages and the bar on private claims relating to loan closings.

Because plaintiff cannot state a claim for relief under RESPA, the only basis for federal question subject matter jurisdiction does not exist and the court should decline to exercise supplemental jurisdiction over plaintiff's remaining claims, including her "claim" for the remedy of preliminary injunctive relief.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 13) be granted;
2. All other pending motions (Doc. 6) be denied as moot; and
3. This action be dismissed without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 20, 2013

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE